**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 12-50435 |
| Plaintiff-Appellee, | D.C. No. CR 11-00780-GW |
| v. | |
| MARKEY RAYMOND OLLOQUE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George Wu, District Judge, Presiding

Argued and Submitted June 4, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.**

Markey Olloque ("Olloque") was convicted of possession with intent to distribute at least five grams of methamphetamine, *see* 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), possession of a firearm in furtherance of a drug trafficking crime, *see*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm and ammunition by a convicted felon, *see* 18 U.S.C. § 922(g)(1). Olloque was sentenced to fifteen years in custody. This appeal followed.

1. During defense counsel's *voir dire*, one prospective juror indicated that she was "bother[ed]" by the reasonable doubt standard and another juror indicated that he or she "partly agree[d]" with the first juror. After defense counsel asked each juror if they could set aside their personal feelings and apply the appropriate legal standards, neither juror indicated any unwillingness or inability to do so. Moreover, the district court extensively discussed the reasonable doubt standard throughout the *voir dire* proceedings and questioned the jurors about their ability to set aside personal opinions and follow the court's instructions. The record does not indicate that defense counsel moved to excuse the jurors for cause or exercised any peremptory challenge with respect to those jurors.

Under these circumstances, Olloque failed to meet his burden to "show that the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the prospective juror] from the jury, even though neither counsel made the request." *See United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). Indeed, Olloque did not move to dismiss the jurors for cause and, because defense counsel failed to identify the prospective jurors by number

2

for the record, Olloque cannot even show that either prospective juror was seated on the *petit* jury.

2.      When police officers arrived to search his hotel room, Olloque retrieved a loaded handgun and a bag of methamphetamine and threw both objects out of his hotel room's bathroom window in the approximately 2.5 minutes that elapsed from when officers first knocked on the door and when Olloque and his girlfriend came out of the bathroom.   In the hotel room, officers discovered $210 in United States currency, a methamphetamine pipe, ten .38 caliber special bullets, two digital scales, one mechanical scale, a switchblade, eleven .22 caliber bullets contained in a safe, a camouflaged handgun holster, a black buck knife, and false identification documents. Olloque had been staying at the hotel for approximately three weeks and the front desk clerk testified that various people would frequently come up to Olloque's room, but would not stay long.   An expert witness also testified that guns and knives are commonly used by drug dealers for protection, and that drug dealers often have fake identification cards so as to conceal their true identities from law enforcement.  Under these circumstances, viewing the evidence and drawing the inferences in the light most favorable to the prosecution, the jury could have found the "in furtherance of" element of 18 U.S.C. § 924(c) to be satisfied beyond a reasonable doubt. *See Jackson*

3

*v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Hector*, 474 F.3d 1150, 1157-58 (9th Cir. 2007).

3.   Finally, Olloque failed to file a timely written response after the prosecutor filed an information alleging that he had three prior felony drug convictions, *see* 21 U.S.C. § 851, including a conviction for possession of a controlled substance while armed with a firearm in violation of California Health and Safety Code § 11370.1.  Any challenge not raised by response to an information is waived unless good cause for failing to do so is shown.  *See* 21 U.S.C. § 851(c)(2); *United States v. Stephens*, 35 F.3d 451, 453 (9th Cir. 1994).  No such showing has been made here.   Indeed, Olloque stipulated that he was convicted of the felony and acknowledged the conviction in the sentencing hearing.

**AFFIRMED.**